# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN BATES,** *et al.*, | CIVIL ACTION NO. 1:16-CV-493 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **SKI LIBERTY OPERATING CORP.** d/b/a Liberty Mountain Resort & Conference Center, | |
| Defendant | |

## **ORDER**

AND NOW, this 16th day of January, 2018, upon consideration of the concurred motion (Doc. 111) to approve minor's compromise filed by plaintiff Brian Bates ("Bates"), natural father and sole guardian of minor plaintiff R.B. ("R.B.") (together, "plaintiffs"), and the court observing that federal courts follow the procedures in place in state court in determining whether to approve a minor's settlement, see Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 669-70 (E.D. Pa. 2000), and that, pursuant to Pennsylvania law, "[n]o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court," PA. R. CIV. P. 2039(a), and that the purpose of Rule 2039(a) is to apprise the court of all facts necessary "to properly evaluate" the proposed settlement, Klein v. Cissone, 443 A.2d 799, 802 (Pa. Super. Ct. 1982), in such a way that the court may consider and "protect[] the best interests of the minor," Power v. Tomarchio, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997), and the court further observing that Bates, in his capacity as R.B.'s parent and guardian, agrees to the settlement and believes

same to be in R.B.'s best interest, and further believes that the settlement "fully and fairly compensates . . . R.B. for the injuries he has suffered," (Doc. 111 ¶ 9), and upon review of the proposed settlement agreement, the court concluding that the settlement represents a reasonable resolution of the parties' dispute, advancing the best interests of minor plaintiff R.B., it is hereby ORDERED that:

1. Plaintiffs' concurred motion (Doc. 111) to approve minor's compromise is GRANTED.

2. The proposed compromise of the instant matter—consisting of a total settlement payout of $198,671.96, comprising four guaranteed annual payments to R.B. of $37,167.99, satisfaction of a medical lien in the amount of $25,961.11, attorneys' fees in the amount of $14,038.89, and costs in the amount of $10,000—is APPROVED.

3. Payment of attorneys' fees and costs, as set forth in paragraph 2, is AUTHORIZED to be made from the total settlement payout.

4. Payment of the net funds shall be made in accordance with the compromise (Doc. 111-2) by and between the parties.

5. The Clerk of Court is directed to close this case, without prejudice, upon good cause shown within 60 days, to reinstate the action if settlement is not consummated.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania